IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DISABLED PATRIOTS OF AMERICA, INC., a Florida Non Profit Corporation, And BONNIE KRAMER, Individually, )))) | |
| Plaintiffs, ) | Case No. 1:07-cv-6610 |
| ) | |
| v. ) | Judge David H. Coar |
| ) | |
| ANU ENTERPRISES INC., an Illinois Corporation, ))) | Magistrate Judge Sidney I. Schenkier |
| ) | |
| Defendant. ) | |

**DEFENDANT'S ANSWER TO
PLAINTIFFS' AMENDED COMPLAINT**

ANU ENTERPRISES, INC (herein "Defendant"), by its attorneys, answers DISABLED PATRIOTS OF AMERICA, INC's and BONNIE KRAMER's (herein "Plaintiffs") Amended Complaint as follows:

1. Plaintiff, Bonnie Kramer, is an individual residing in Cleveland, OH, in the County of Cuyahoga.

ANSWER:

Defendant is without sufficient knowledge to form a belief as to the truth of the averments in paragraph 1.

2. Plaintiff, DISABLED PATRIOTS OF AMERICA, INC., is a non profit corporation formed under the laws of the State of Florida. DISABLED PATRIOTS OF AMERICA, INC. maintains its principal office at 702 North E. Street, Lake Worth, FL 33460, in the County of Pal Beach.

ANSWER

Defendant is without sufficient knowledge to form a belief as to the truth of the averments in paragraph 2.

3. Defendant's property, North Park Mall, is located at 270 W. North Ave., Villa Park, IL 60191-110, in the County of Dupage.

ANSWER

Defendant admits the allegations of Paragraph 3.

4. Venue is properly located in the Northern District of Illinois because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

ANSWER

Defendant admits the allegations of Paragraph 4.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations if Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. Se also 28 U.S.C. § 2201 and § 2202.

ANSWER

Defendant admits that jurisdiction is proper in this judicial district, but to the extent that Paragraph 5 may be construed as alleging that Plaintiff is entitled to pursue his claim on any theory, or that he is entitled to any relief, that allegation is denied.

6. Plaintiff Bonnie Kramer is an Ohio resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Bonnie Kramer has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety. The Plaintiff is also a member of the Plaintiff organization, DISABLED PATRIOTS OF AMERICA, INC., discussed below in paragraph 7.

ANSWER

Defendant is without sufficient knowledge to form a belief as to the truth of the averments in paragraph 6.

7. Plaintiff DISABLED PATRIOTS OF AMERICA, INC., is a non profit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent

2

the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. DISABLED PATRIOTS OF AMERICA, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. DISABLED PATRIOTS OF AMERICA, INC. has also been discriminated against because of its association with its disabled members and their claims.

ANSWER

Defendant is without sufficient knowledge to form a belief as to the truth of the averments in paragraph 7.

8.	Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as North Park Mall, and is located at 270 W. North Ave., Villa Park, IL 60191-110.

ANSWER

Defendant admits the allegations in paragraph 8 to the extent that they are not inconsistent with the cited statutes.

9.	DISABLED PATRIOTS OF AMERICA, INC. and Bonnie Kramer have a realistic, credible, and existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. Bonnie Kramer desires to visit North Park Mall not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

ANSWER

Defendant is without sufficient knowledge to form a belief as to the truth of the averments in paragraph 9.

10.	The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and

equal enjoyment of, the goods services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

ANSWER

       Defendant denies the averments in paragraph 10.

       11.    The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of North Park mall has shown that violations exist.  These violations include, but are not limited to:

Parking

1. The Required number of designated accessible parking spaces and/or elements are [*sic*] not provided in violation of Sections 4.1.2 and 4.6.4 of the ADAAG whose resolution is readily achievable.

2. The accessible parking spaces are not located closest to the accessible entrances, improperly dispersed and marked as per US Code 23, Section 109 D ( striped in white and prominently outlined in blue), and in violation of Section 4.6.2 of the ADAAG whose resolution is readily achievable.

3. Some of the accessible spaces do not provide signs designating the disabled use spaces, in violation of Section 4.6.4 of the ADAAG whose resolution is readily achievable.

4. Where posted, signage at some of the designated accessible parking spaces are [*sic*] not mounted at sufficient heights in violation of Section 4.6.4 of the ADAAG whose resolution is readily achievable.

5. Some of the disabled use spaces do not have clear and level access aisles provided, violating Sections 4.1.2 and 4.6.3 of the ADAAG whose resolution is readily achievable.

Entrance Access and Paths

6. There are curb ramps at the facility that project into vehicular areas and/or contain excessive slopes, side slopes or cross slopes in violation of Sections 4.7.2, 4.7.5, 4.7.6, and 4.7.9 of the ADAAG whose resolution is readily achievable.

7. There are no proper handrails provided for the ramps to the facility, Section 4.8.5 of the ADAAG whose resolution is readily achievable.

8. A level landing is not provided at the accessible entrance and/or there are rises at the thresholds of the entrances at the facility are in excess of 1/2 of an inch, violating Sections 4.13.6, 4.5.2 and 4.13.8 of the ADAAG whose resolution is readily achievable.

9. The clear width and/or maneuvering clearances at doors to facility are less that the prescribed minimums, in violation of Sections 4.13.5 and 4.13.6 of the ADAAG whose resolution is readily achievable.

Access to Goods and Services

10. There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG whose resolution is readily achievable.

11. There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG whose resolution is readily achievable.

12. Signage is not provided at the accessible check-out aisle violating Section 7.3 of the ADAAG whose resolution is readily achievable.

Restrooms

13. The clear floor space provided in the restroom violates the provisions of Sections 4.2.1, 4.18.3 and 4.22 of the ADAAG whose resolution is readily achievable.

14. The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG whose resolution is readily achievable/

15. The toilet stalls provided for public use at the facility are in violation of Section 4.17 of the ADAAG whose resolution is readily achievable.

16. The water closets that are provided for public use at the facility violate the provisions of Section 4.16 of the ADAAG whose resolution is readily achievable.

17. There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG whose resolution is readily achievable.

5

18. There are urinals provided for public use that do not comply with the standards set forth in Section 4.18 of the ADAAG whose resolution is readily achievable.

19. There are exposed pipes in restrooms at the facility, violating [*sic*] of Section 4.19.4 of the ADAAG whose resolution is readily achievable.

20. The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19 of the ADAAG whose resolution is readily achievable.

21. There [*sic*] restroom does not provide the required amenities for public use violating the provisions of the ADAAG whose resolution is readily achievable.

ANSWER

Defendant is without sufficient knowledge to form a belief as to the truth of the averments in paragraph 11, including subparagraphs 1-21. The investigation by counsel for both parties is ongoing and awaiting the initial inspection report.

12. The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations. Plaintiff's require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and of all barriers to access. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff's group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order tot determine all of the areas of non-compliance with the Americans with Disabilities Act.

ANSWER

Defendant is without sufficient knowledge to form a belief as to the truth of the averments in paragraph 12.

13. Defendant has discriminated against the individual and corporate Plaintiff's by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. Furthermore, the Defendant

continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

ANSWER

Defendant denies the allegations of paragraph 13.

14. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

ANSWER

Defendant denies the allegations of paragraph 14.

15. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to an useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.304(a); and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

ANSWER

Defendant admits that Plaintiff paraphrases 28 CFR 36.304(a), 28 CFR 36.304(a), and 28 CFR 36.401, but denies the averments in paragraph 15 to the extent they are inconsistent with the cited statutes.

16. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

ANSWER

Defendant denies the allegations of paragraph 16.

17.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter North Park Mall to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

ANSWER

Defendant admits that Plaintiff paraphrases 42 U.S.C. § 12188, but denies the averments in paragraph 17 to the extent they are inconsistent with the cited statutes.

### Affirmative Defenses

Defendant reserves the right to assert affirmative defenses as investigation and discovery proceed, and after such inspections as are necessary are rendered complete.

### PRAYER FOR RELIEF

WHEREFORE Defendant, ANU ENTERPRISES INC., prays that this Court enter judgment in its favor and against the named Plaintiffs and any Class of Plaintiffs.

Dated: June 25, 2008

IMNY, CHICAGO, LLC

By:   s/ John B. Wolf
Regas, Frezados & Dallas, LLP
Attorney for Defendant
111 W. Washington St., Suite 1525
Chicago, Illinois 60602

John B. Wolf (ARDC No. 6287700)
William D. Dallas (ARDC No. 618678)
Regas, Frezados & Dallas, LLP
Attorneys for Defendant
111 W. Washington St., Suite 1525
Chicago, Illinois 60602
Phone (312) 236-4400

**SERVICE OF DOCUMENTS BY ELECTRONIC MEANS**

The undersigned hereby certifies that on June 25, 2008 he caused the foregoing document to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, by using its Electronic Case Filing System which will send a Notice of Electronic Filing to the following Filing Users:

**John B. Wolf**

**Thomas B. Bacon**

**Jerome G. Silbert**

The undersigned also certifies that on the above date he caused the foregoing document to be mailed by United States Postal Service to the following non-Filing Users:

Not Applicable

By: s/ John B. Wolf
Regas, Frezados & Dallas, LLP
Attorney for Defendant
111 W. Washington St., Suite 1525
Chicago, Illinois 60602
Phone: (312) 236-4400
Fax: (312) 236-1129
Email: jwolf@rfd-law.com