IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
CASE NO.: 1:07-CV-6610

DISABLED PATRIOTS OF AMERICA, INC.,
a Florida Not-For-Profit Corporation,
and BONNIE KRAMER, Individually,

        Plaintiffs,
v.

ANU Enterprises Inc., an Illinois Corporation,

        Defendant.
_____/

## CONSENT DECREE

    This Consent Decree is entered into by and between DISABLED PATRIOTS OF AMERICA, INC., a Florida Not-for-Profit Corporation, and BONNIE KRAMER, Individually, hereinafter sometimes referred to as "Plaintiffs," and ANU Enterprises, an Illinois Corporation, hereinafter sometimes referred to as "Defendant," on the date last executed below.

    WHEREAS: The Defendant's property is known as North Park Mall and is located at 270 W. North Avenue, Villa Park, IL. Plaintiffs claim that there are architectural barriers existing at the Defendant's property that constitute violations of the Americans With Disabilities Act that unlawfully limit the Plaintiffs' use of the property. Defendant does not admit all of the allegations of the Plaintiffs' Complaint, but recognizes that the Plaintiffs might prevail and receive some of the relief on the merit of their claim. In consideration for resolving all matters in dispute, the parties have agreed to the following terms and conditions subject to the Court entry of an Order Approving and Entering the Consent Decree.

1. All references to the ADAAG refer to the following:
   28 CFR Chapter 1 Part 36, App. A. (7-1-98 edition) - ADAAG

2. The Defendant is advised that under certain circumstances a tax credit and/or tax deduction may be available to businesses to help cover the cost of making access improvements. (See Sections 44 and 190 of the Internal Revenue Code.)

3. This Consent Decree shall be binding upon and inure to the benefit of the parties hereto and their respective successor and/or assigns. The parties shall perform their obligations under this Consent Decree in good faith.

4. The parties agree that any delays in making the modifications to the property as provided for pursuant to this Consent Decree caused by third parties, including but not limited to construction contractors, or city building officials, inspectors, or permitting departments, will not be deemed to violate the compliance dates herein as long as the Defendant makes a good faith effort to effect implementation as soon as reasonably possible thereafter.

5. In any action to enforce this Consent Decree, the prevailing party shall be entitled to attorneys' fees, costs and expert fees.

6. ANU Enterprises, Inc. shall complete all modifications and submit to Plaintiffs' counsel a report summarizing the actions it has taken pursuant to this Consent Decree by April 1, 2009.

7. All alterations, modifications, and policies required by this Consent Decree shall be completed prior to the reinspection date set forth below, unless a different completion date is otherwise stated herein. A final property reinspection conducted by Plaintiffs will take place on or after April 15, 2009 to ensure that the modifications to the subject property required below for barrier removal have been completed. Plaintiffs' counsel, expert(s) and/or representatives shall be provided access to the building to conduct a reinspection and to verify commencement, progress and completion of the work required hereby. In any event, Defendant or its counsel, shall notify Plaintiffs counsel by Certified Return Receipt Mail when all improvements contemplated herein are completed. In the event of non-compliance with the terms and conditions of this agreement, Plaintiffs shall be entitled to immediate injunctive relief.

8. Defendant shall pay Plaintiffs' counsel, Fuller, Fuller and Associates, P.A., and Jerome Silbert, Esq. for Plaintiffs' attorneys' fees, litigation expenses and expert fees, and costs incurred in this matter. The amount to be paid shall be a total of $32,969.37, by checks payable to Fuller, Fuller & Associates, as follows: $16,969.37 by September 4, 2008 and $16,000 by September 21, 2008.

9. When all issues are resolved between the parties, the parties hereby agree and will request the Court to approve and enter the Consent Decree, providing for retention of jurisdiction by the Court to enforce, as necessary, the terms of this Decree.

10. Upon the Court's approval of this Consent Decree and upon the Defendant's full compliance with the terms and conditions of this Consent Decree, Plaintiffs hereby release and discharge Defendant, its officers, employees, agents, successors and assigns from any and all claims and causes of action which it has had arising under the Americans With Disabilities Act.

11. The parties acknowledge that the modifications described in this Consent Decree shall be implemented according to the standards set out in the ADAAG. All references to figures in the paragraphs below refer to those that accompany the ADAAG and that more fully describe the considered full compliance with the ADA.

12. This Consent Decree can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the

same signature page. A facsimile copy of any party's signature shall be deemed as legally binding as the original signatures.

13. The Defendant agrees to correct by no later than April 1, 2009, the ADA violations referred to in the report of ADA Compliance Team, Inc. dated July 1, 2007; however, the parties herein agree that the Defendant shall not have to provide any cuts into the existing islands as suggested in the report of ADA Compliance Team, Inc. dated July 1, 2007.

14. The Defendant agrees to modify the property as follows:

A. **SIGNAGE**

The signage must conform with the ADA requirements.

Since many of the accessible parking spaces, as listed and shown on pages 1 through 5 of the report of ADA Compliance Team, Inc. dated July 1, 2007, do not have proper signage, Defendant shall install accessible signage in compliance with ADAAG 4.6.4. Also, the accessible signage shall be mounted in compliance with ADAAG 4.6.4, so as not to be obscured by a parked vehicle.

**Complete by: April 1, 2009**

### ACCESSIBLE ROUTE

B. **THERE SHALL BE AN ACCESSIBLE ROUTE THROUGHOUT THE FACILITY.**

4.3.2, 4.3.3, 4.3.6, 4.3.7, 4.3.8, 4.3.9, 4.5, 4.7, 4.8, 4.30, 4.4, 4.5, 4.6 et seq., 4.1, 4.2, 4.3, Figures 1 - 8

The Defendant shall provide a clear accessible route for the disabled without obstruction as described in the ADAAG. This shall include curb cuts where necessary or ramps where necessary. There shall be no obstructions along the accessible route. All ramps should be in compliance with ADAAG 4.4.4(3), 4.7.

There shall be an accessible route within the boundary of the site from public transportation stops, accessible parking, and public streets or sidewalks to the accessible entrance they serve.

For the Hobo Department Store, shown on page 6 of the report of ADA Compliance Team, Inc. dated July 1, 2008, Defendant shall remove the existing ramp and replace it with a curb ramp that complies with ADA standard 4.7.

For the curb ramp located next to Girabaldi's Restaurant shown in photographs on page 7 of the report of ADA Compliance Team, Inc. dated July 1, 2008, Defendant shall do the following: (a) remove the existing ramp and replace with a

curb ramp that complies with the ADA Standard 4.7; (b) repair the ground surface to comply with the ADA Standards 4.3.8, 4.5.1 and 4.5.2; (c) install detectable warnings, complying with ADA standard 4.29, which are required at curb ramps and where pedestrian areas adjoin a vehicular way.

For the marked crossing from Girabaldi's Restaurant to the accessible parking spaces, Defendant shall repave the route in order to comply with ADA standards 4.3 and 4.5.

For the curb ramp located next to Discovery Clothing, Defendant shall (a) remove the existing ramp and replace with a curb ramp that complies with the ADA Standard 4.7; (b) repair the ground surface to comply with the ADA Standards 4.3.8, 4.5.1 and 4.5.2; (c) provide detectable warnings, complying with ADA standard 4.29, at curb ramps and where pedestrian areas adjoin a vehicular way.

For the curb ramp located next to Pet Supplies, shown in a photograph on page 9 of the report of ADA Compliance Team, Inc. dated July 1, 2008, Defendant shall (a) remove the existing ramp and replace with a curb ramp that complies with the ADA Standard 4.7; (b) provide detectable warnings, complying with ADA standard 4.29, at curb ramps and where pedestrian areas adjoin a vehicular way.

**Complete by: April 1, 2009**

C. **GOODS AND SERVICES SHALL BE ACCESSIBLE THROUGHOUT THE FACILITY.**

4.2, 4.2.4.1, 4.2.5, Figures 5(a), 6(b)

To overcome the problems in the Discovery Clothing Store checkout counter and in the Deli Counter in the Fruit and Meat Market, and in the lack of clear floor space to access the ATM in the Fruit and Meat Market noted on pages 12 through 14 in the report of ADA Compliance Team, Inc. dated July 1, 2008, there shall be an accessible route of at least 36 inches and clear floor space of at least 30 by 48 inches in front of the goods and/or services being provided at the Defendant's property. If access is available to a person using a wheelchair by a forward approach, items shall be reachable at a height not lower than 15 inches or higher than 48 inches. If access is available by a side reach, items shall be reachable at a height not lower than 9 inches or higher than 54 inches.

If it is not readily achievable to provide goods and services at the height ranges set forth herein, then the Defendant shall have in place an enforceable policy that provides for those who provide goods and/or services to the public at the property to provide assistance to the disabled to obtain access to the offered goods and/or services and to provide ADA compliant signage that provides that assistance is available upon request.

                                               **Complete by: April 1, 2009**

D. **DEFENDANT'S RESPONSIBILITY FOR ACCESSIBLE RESTROOMS**

The restrooms in Hobo Department Store and China Buffet Restaurant shall be brought into full compliance with the ADA, by correcting the ADA violations and barriers to access in the restrooms that are shown on pages 15 through 18 of the report of ADA Compliance Team, Inc. dated July 1, 2007.

                                               **Complete by: April 1, 2009**

E. **MAINTENANCE OF ACCESSIBLE FEATURES**

ADAAG 36.211

The Defendant shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Americans with Disabilities Act; notwithstanding same, the Defendant shall not be in default herein in cases where there are isolated or temporary interruptions in service or access due to maintenance or repairs.

F. **POLICIES AND PROCEDURES**

Defendant shall implement within six months, the policies and procedures recommended on page 25 of the report of ADA Compliance Team, Inc. dated July 1, 2008.

**SIGNATURES:**

Parties:

**PLAINTIFFS:**

By: _*Bonnie Kramer*_   Date: 8/20/08
    Disabled Patriots of America, Inc.

By: _*Bonnie Kramer*_   Date: 8/20/08
    Bonnie Kramer

**DEFENDANT:**

By: _____   Date: _____
    ANU Enterprises Inc.

By: _____   Date: _____

TBB:jl
3096-JL Consent Decree revised

**SIGNATURES:**

Parties:

**PLAINTIFFS:**

By: *(signed) Maria Gallagher*    Date: Aug. 20. 08
Disabled Patriots of America, Inc.

By: _____    Date: _____
Bonnie Kramer

**DEFENDANT:**

By: _____    Date: _____
ANU Enterprises Inc.

By: _____    Date: _____

TBB:jl
3196-n, Consent Decree revised

SIGNATURES:

Parties:

**PLAINTIFFS:**

By: _____        Date: _____
    Disabled Patriots of America, Inc.

By: _____        Date: _____
    Bonnie Kramer

**DEFENDANT:**

By: _____*[signature]*_____        Date: 9/10/2008
    ANU Enterprises Inc.

By: _____*President*_____        Date: _____

TBB:jl
3896-IL Consent Decree revised (slm 8-6-08) (one change 8-14-08).wpd